UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| JOSEPH CASTROVINCI,      ) | CASE NO. 1:10CV2650 |
|                                              ) | |
| Plaintiff,               ) | MAGISTRATE JUDGE |
| v.                            ) | GEORGE J. LIMBERT |
|                                              ) | |
| MICHAEL J. ASTRUE,    ) | |
| COMMISSIONER OF        ) | **MEMORANDUM OPINION & ORDER** |
| SOCIAL SECURITY,        ) | |
|                                              ) | |
| Defendant.               ) | |

Joseph Castrovinci ("Plaintiff") seeks judicial review of the final decision of Michael J. Astrue ("Defendant"), Commissioner of the Social Security Administration ("SSA"), denying his applications for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI"). ECF Dkt. #1. For the following reasons, the Court affirms the Commissioner's decision and dismisses Plaintiff's complaint in its entirety with prejudice:

**I.     PROCEDURAL AND FACTUAL HISTORY**

On April 10, 2006, Plaintiff filed applications for DIB and SSI, alleging disability beginning April 1, 2002 due to diabetes and bipolar disorder. ECF Dkt. #7-7 at 15; ECF Dkt. #7-4 at 29. The SSA denied Plaintiff's applications initially and on reconsideration. ECF Dkt. #7-4 at 13-34. Plaintiff filed a request for an administrative hearing and on August 22, 2008, an ALJ conducted the hearing. ECF Dkt. #7-2 at 21; ECF Dkt. #7-5 at 10. At the hearing, the ALJ heard testimony from Plaintiff, who was represented by counsel, and Kathleen Reis, a vocational expert ("VE"). ECF Dkt. #7-2 at 21.

On January 28, 2009, the ALJ issued a decision denying benefits. ECF Dkt. #7-2 at 14-20. Plaintiff filed a request for review of the decision, but the Appeals Council denied the request. ECF Dkt. #7-2 at 2-10.

On November 20, 2010, Plaintiff filed the instant suit seeking review of the ALJ's decision. ECF Dkt. #1.  On May 6, 2011, Plaintiff filed a brief on the merits.  ECF Dkt. #12.  On July 18, 2011, Defendant filed a brief on the merits.  ECF Dkt. #15.

## II. SUMMARY OF RELEVANT PORTIONS OF THE ALJ'S DECISION

In his decision, the ALJ determined that Plaintiff suffered from diabetes mellitus and an affective disorder, which qualified as severe impairments under 20 C.F.R. §404.1521 *et seq*. and 20 C.F.R. § 416.921 *et seq*.  ECF Dkt. #7-2 at 16.  The ALJ next determined that Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the impairments listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 ("Listings").  *Id*.  He discounted Plaintiff's allegations of pain and limitations and concluded that Plaintiff had the residual functional capacity ("RFC") to perform medium work with limitations of not more than occasional changes in the work setting.  *Id*. at 17, 19.  Based upon this RFC and the testimony of the VE, the ALJ found that Plaintiff could return to all of his past relevant work, which included the jobs of a chauffeur and HVAC technician.  *Id*. at 19.

## III. STEPS TO EVALUATE ENTITLEMENT TO SOCIAL SECURITY BENEFITS

An ALJ must proceed through the required sequential steps for evaluating entitlement to DIB and SSI.  These steps are:

1. An individual who is working and engaging in substantial gainful activity will not be found to be "disabled" regardless of medical findings (20 C.F.R. §§ 404.1520(b) and 416.920(b) (1992));

2. An individual who does not have a "severe impairment" will not be found to be "disabled" (20 C.F.R. §§ 404.1520(c) and 416.920(c) (1992));

3. If an individual is not working and is suffering from a severe impairment which meets the duration requirement, see 20 C.F.R. § 404.1509 and 416.909 (1992), and which meets or is equivalent to a listed impairment in 20 C.F.R. Pt. 404, Subpt. P, App. 1, a finding of disabled will be made without consideration of vocational factors (20 C.F.R. §§ 404.1520(d) and 416.920(d) (1992));

4. If an individual is capable of performing the kind of work he or she has done in the past, a finding of "not disabled" must be made (20 C.F.R. §§ 404.1520(e) and 416.920(e) (1992));

> 5. If an individual's impairment is so severe as to preclude the performance of the kind of work he or she has done in the past, other factors including age, education, past work experience and residual functional capacity must be considered to determine if other work can be performed (20 C.F.R. §§ 404.1520(f) and 416.920(f) (1992)).

*Hogg v. Sullivan*, 987 F.2d 328, 332 (6th Cir. 1992). The claimant has the burden to go forward with the evidence in the first four steps and the Commissioner has the burden in the fifth step. *Moon v. Sullivan*, 923 F.2d 1175, 1181 (6th Cir. 1990).

## IV. STANDARD OF REVIEW

Under the Social Security Act, the ALJ weighs the evidence, resolves any conflicts, and makes a determination of disability. This Court's review of such a determination is limited in scope by § 205 of the Act, which states that the "findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). Therefore, this Court's scope of review is limited to determining whether substantial evidence supports the findings of the Commissioner and whether the Commissioner applied the correct legal standards. *Abbott v. Sullivan*, 905 F.2d 918, 922 (6th Cir. 1990).

The substantial-evidence standard requires the Court to affirm the Commissioner's findings if they are supported by "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Cole v. Astrue*, 661 F.3d 931, 937 (6th Cir. 2011), quoting *Richardson v. Perales*, 402 U.S. 389, 401, 91 S.Ct. 1420, 28 L.Ed.2d 842 (1971) (citation omitted). An ALJ's failure to follow agency rules and regulations "denotes a lack of substantial evidence, even where the conclusion of the ALJ may be justified based upon the record." *Cole, supra*, citing *Blakely v. Comm'r of Soc. Sec.*, 581 F.3d 399, 407 (6th Cir.2009) (citations omitted). The Court cannot reverse the decision of an ALJ, even if substantial evidence exists in the record that would have supported an opposite conclusion, so long as substantial evidence supports the ALJ's conclusion. *Walters v. Comm'r of Soc. Sec.,* 127 F.3d 525, 528 (6th Cir.1997).

## V. ANALYSIS

Plaintiff's overall contention is that the ALJ lacked substantial evidence with which to find that he could perform a full range of medium work. Plaintiff asserts that the ALJ: (1) should have

-3-

found his knee condition to be a severe impairment at Step Two of the sequential evaluation process; (2) should have found that he had non-exertional limitations due to his affective disorder; (3) should have solicited VE testimony before concluding that he could perform all past relevant work; and (4) committed legal error by not applying the mandates of *Drummond v. Commissioner of Social Security*, 126 F.3d 837 (6th Cir. 1997) and Acquiescence Ruling ("AR") 98-4(6) when making different findings from an ALJ who determined that Plaintiff was not disabled in a previous social security benefits proceeding. ECF Dkt. #12.

For the following reasons, the Court finds that substantial evidence supports the ALJ's decision and harmless error occurred in his failure to properly apply *Drummond,* 126 F.3d 837. The Court addresses each of Plaintiff's contentions in turn.

### A. NON-SEVERE IMPAIRMENT

Plaintiff first asserts that the ALJ erred at Step Two by failing to find that his right knee condition was a severe impairment. ECF Dkt. #12 at 10-12. At step two, a claimant must show that he or she suffers from a severe medically determinable physical or mental impairment. 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii). An impairment is considered non-severe when it "does not significantly limit your physical or mental ability to do basic work activities." 20 C.F.R. §§ 404.1521(a), 416.921(a). The Regulations define basic work activities as being the "'abilities and aptitudes necessary to do most jobs,'" which includes:

(1) Physical functions such as walking, standing, sitting, lifting, pushing, pulling, reaching, carrying, or handling;

(2) Capacities for seeing, hearing and speaking;

(3) Understanding, carrying out, and remembering simple instructions;

(4) Use of judgment;

(5) Responding appropriately to supervision, co-workers and usual work situations; and

(6) Dealing with changes in a routine work setting.

20 C.F.R. §§ 404.1521(b) and 416.921(b).

The regulations provide that if the claimant's degree of limitation is none or mild, the Commissioner will generally conclude the impairment is not severe, "unless the evidence otherwise

indicates that there is more than a minimal limitation in your ability to do basic work activities." 20 C.F.R. §§ 404.1520a(d), 416.920a(d). The purpose of the second step of the sequential analysis is to enable the Commissioner to screen out "totally groundless claims." *Farris v. Sec'y of HHS*, 773 F.2d 85, 89 (6th Cir.1985). The Sixth Circuit has construed the step two severity regulation as a "*de minimis* hurdle" in the disability determination process. *Higgs v. Bowen*, 880 F.2d 860, 862 (6th Cir.1988). Under a Social Security policy ruling, if an impairment has "more than a minimal effect" on the claimant's ability to do basic work activities, the ALJ is required to treat it as "severe." SSR 96-3p (July 2, 1996).

Once the ALJ determines that a claimant suffers a severe impairment at Step Two, the analysis proceeds to Step Three; any failure to identify other impairments, or combinations of impairments, as severe in Step Two is harmless error. *Maziarz v. Sec'y of Health & Human Servs.*, 837 F.2d 240, 244 (6th Cir.1987). In *Maziarz*, the Sixth Circuit found that it was not reversible error when an ALJ failed to find an impairment to be severe at Step Two because he had continued with the sequential process in his disability determination and considered the impairment in the remaining subsequent steps of the sequential evaluation process. *Id.*

Here, the ALJ considered Plaintiff's knee impairment in the subsequent steps of the sequential evaluation process. He noted Plaintiff's testimony that he went to MetroHealth Medical Center because his knee became sore, swollen and stiff a couple of months prior to his presentation there. ECF Dkt. #7-2 at 18. The ALJ further noted Plaintiff's complaints in June 2008 of knee pain which was worse when he kneeled, climbed stairs or walked. *Id*. at 19. Plaintiff had explained that he worked as a HVAC technician and kneeled a lot. *Id*. The ALJ noted that x-rays showed mild degenerative changes and doctors diagnosed localized osteoarthritis in the lower leg. *Id*. The ALJ also indicated that Plaintiff's knee pain was controlled by medication. *Id.*

Accordingly, because the ALJ considered Plaintiff's knee pain at the subsequent steps in the sequential evaluation, his failure to find this impairment severe at Step Two is harmless error.

### B. AFFECTIVE DISORDER AND NON-EXERTIONAL LIMITATIONS

Plaintiff also asserts that the ALJ erred in finding that he had no non-exertional limitations resulting from his affective disorder. ECF Dkt. #12 at 12-13. Plaintiff cites to treatment notes

-5-

showing that he had an ongoing struggle with manic and depressive episodes which were unpredictable. *Id*. at 12. He contends that the only opinion evidence in the record as to his mental impairments establishes that his bipolar disorder resulted in many moderate limitations in his work-related mental abilities. *Id*. Plaintiff notes that although the ALJ found that the state agency reviewing doctors' opinions were "generally in line with the medical evidence of record as a whole," he gave them only considerable, but not controlling weight. *Id*. at 13. Plaintiff concludes that if the ALJ had given controlling weight to those opinions, he would have found that Plaintiff's affective disorder resulted in non-exertional limitations that would preclude his ability to perform a full range of medium work activity. *Id*.

      The Court notes that the ALJ's decision appears to show that he did consider whether Plaintiff's mental health condition was a non-exertional limitation as he concluded that Plaintiff "still has limitations of not more than occasional changes in work setting but it does not prohibit him from all work." ECF Dkt. #7-2 at 19. An ALJ from Plaintiff's prior hearing for disability benefits had found such a limitation due to Plaintiff's bipolar disorder.[1] *Id.* The ALJ in this case found Plaintiff's affective disorder to be a severe impairment but reviewed the medical evidence finding that MetroHealth Medical Center indicated that Plaintiff's psychiatric issues were stable with medication and he referenced Plaintiff's reports to doctors in September 2001 that he had been doing well with his bipolar disorder for the past 15 years. *Id*. at 18, citing ECF Dkt. #7-11 at 10. The ALJ also noted Plaintiff's global assessment of functioning score of 65, which was higher than previously estimated, and noted that the MetroHealth Medical Center records showed that Plaintiff's bipolar disorder was stable most of the time with some sleeping difficulties which occasionally made his moods more susceptible to change. ECF Dkt. #7-2 at 18, citing ECF Dkt. # 7-11 at 10-29. Treatment notes consistently showed that Plaintiff's bipolar disorder was under control with medication, and he had sustained concentration and attention, good insight and judgment, and

---

[1] See final section of analysis of this Opinion, Section D, for review of Plaintiff's assertion regarding failure of the ALJ in this case to apply *Drummond v. Commissioner of Social Security*, 126 F.3d 837, 842-843 (6th Cir. 1997).

normal recent and remote memory. ECF Dkt. #7-10 at 11, 13, 14, 19, 23, 26, 28-29, 35, 37; ECF Dkt. #7-11 at 2, 5, 10-11, 15. The ALJ also noted that the state agency reviewing physicians found that Plaintiff was mildly limited in daily living activities and social functioning and moderately limited in maintaining concentration, persistence and pace. ECF Dkt. #7-2 at 19, citing ECF Dkt. #7-12 at 12. He gave the opinions of the state agency reviewing physicians considerable, but not controlling weight. ECF Dkt. #7-2 at 19.

Plaintiff asserts that had the ALJ really given "considerable" weight to the state agency physicians' opinions, he would have concluded that Plaintiff's affective disorder resulted in non-exertional limitations that precluded him from a full range of medium work. ECF Dkt. #12 at 13. The Court finds no merit to this assertion and Plaintiff provides no support for such a conclusion. The ALJ complied with the applicable regulations regarding his review of the medical opinions in the record and adequately explained his reasons for the RFC that he attributed to Plaintiff. Moreover, the finding of mild and moderate limitations does not require a finding of a non-exertional impairment, especially considering the medical records of treatment showing mainly stable control over Plaintiff's mental health conditions. In addition, no special significance is given to opinions regarding issues reserved to the ALJ and the final responsibility for deciding the issue of RFC is reserved to the ALJ. 20 C.F.R. §§ 404.1527(e)(2)-(3), 416.927(e)(2)-(3).

For these reasons, the Court finds that substantial evidence supports the ALJ's determination of this issue.

### C.  LACK OF VOCATIONAL EXPERT TESTIMONY

Plaintiff contends that the ALJ erred when he failed to elicit VE testimony at Step Four of the sequential evaluation process. ECF Dkt. #12 at 13. Plaintiff complains that the ALJ should have posed hypothetical questions to the VE which included all of the limitations arising from his impairments. *Id.* at 14. Plaintiff asserts that the ALJ's RFC is incompatible with the physical and mental demands of his past relevant work. *Id.*

The ALJ did take testimony from the VE at the hearing. ECF Dkt. #7-2 at 36-40. Upon the VE's testimony as to the classifications of Plaintiff's past relevant work, the ALJ stated to Plaintiff's counsel:

> ALJ: All right. Well, counsel, it seems to me that what we have here is a case that either we find the claimant disabled based, essentially, on your theory or we don't find him disabled, based, essentially, on the same analysis or less than the prior decision. In either case, I don't see that there's much point in going for a hypothetical question because I don't think his situation has changed that much, but if there's something that you would like to ask Ms. Reis [the VE], this would be a good time to do it.

*Id*. at 40. Plaintiff's counsel responded that she had nothing to ask the VE but she contended that "even though there may not be anything that significantly jumps out of the evidence to show a difference, we do have a subtle difference in this case in that they did have to adjust his lithium" *Id*. She therefore submitted that Plaintiff's condition had deteriorated both emotionally and physically since the last time he applied for and was denied social security benefits. *Id*.

As Defendant correctly notes, an ALJ is not required to solicit VE testimony in order to determine whether a claimant can return to his past relevant work. *Wright-Hines v. Comm'r of Soc. Sec*., 597 F.3d 392, 395 (6th Cir. 2010); 20 C.F.R. §§ 404.1560(b)(2), 416.960(b)(2)("[w]e *may* use the services of vocational experts..to obtain evidence we need to help us determine whether you can do your past relevant work, given your residual functional capacity.")(emphasis added). The ALJ in the instant case asked the VE to clarify Plaintiff's past relevant jobs and was able to determine from that testimony that Plaintiff could perform his past relevant work. Plaintiff fails to establish that any further testimony from the VE was necessary.

### D.     *DRUMMOND V. COMMISSIONER OF SOCIAL SECURITY* **AND AR 98-4(6)**

Finally, Plaintiff asserts that the ALJ erred in failing to apply the mandates of *Drummond v. Commissioner of Social Security*, 126 F.3d 837, 842-843 (6th Cir. 1997) and AR 98-4(6) in this case. ECF Dkt. #12 at 14. Plaintiff points out that an ALJ had previously found him "not disabled" after a hearing and decision entered on August 8, 2005. *Id.* at 15, citing ECF Dkt. #7-3 at 10-16. He submits that the ALJ's findings in this case differ from the ALJ's findings in the previous case and the ALJ in this case failed to follow *Drummond* as he never mentions the case and did not make the required analysis to support findings different from the prior ALJ's findings. *Id.*

Defendant concedes that the ALJ in the instant case did not discuss the prior ALJ's findings or explain the "changed circumstances" that *Drummond* requires when rendering different findings. ECF Dkt. #15 at 9. However, Defendant posits that this error is harmless as the ultimate finding in

-8-

both cases is the same—Plaintiff could perform his past relevant work with both of the RFC findings. *Id.*

In *Drummond*, the Sixth Circuit Court of Appeals held that the Commissioner is bound by a prior final determination concerning a claimant's entitlement to benefits absent a change in circumstances. 126 F.3d at 842, citing *Lively v. Sec'y of Health & Human Servs.*, 820 F.2d 1391 (4th Cir. 1987), *Dennard v. Sec'y of Health & Human Servs.*, 907 F.2d 598, 600 (6th Cir. 1990) and *Senters v. Sec'y of Health & Human Servs.*, No. 90-1-5966, 1992 WL 78102 (6th Cir. Apr. 17, 1991)(per curiam). The Court held that "[t]he burden is on the Commissioner to prove changed circumstances and therefore escape the principles of res judicata." *Id.* at 843. In *Drummond*, the Court held that where the first ALJ to review a claim for benefits by the plaintiff had determined that her RFC was for "sedentary" work, a second ALJ's subsequent finding that she could perform "medium" work was precluded. The *Drummond* Court rejected the Commissioner's contention that the Social Security Administration has unfettered discretion to reexamine issues previously determined absent new and additional evidence. *Id.* at 842. AR 98-4(6) applied *Drummond* to disability cases in the Circuit at the administrative levels. AR 98-4(6). It states in relevant part that:

> When adjudicating a subsequent disability claim with an unadjudicated period arising under the same title of the Act as the prior claim, adjudicators must adopt such a finding from the final decision by an ALJ or the Appeals Council on the prior claim in determining whether the claimant is disabled with respect to the unadjudicated period unless there is new and material evidence relating to such a finding or there has been a change in the law, regulations or rulings affecting the finding or the method for arriving at the finding.

*Id.*

The ALJ in the instant case did not mention *Drummond* in his decision. However, he did state that "[t]he claimant still has limitations of not [] than occasional changes in work setting but it does not prohibit him from all work." ECF Dkt. #7-2 at 19. Thus, the ALJ apparently was aware of and considered the prior ALJ findings as the prior ALJ found that Plaintiff had the non-exertional restriction of having only occasional changes in the work setting. ECF Dkt. #7-3 at 15. The ALJ in the instant case also gave considerable weight to the findings of the state agency reviewing physicians who based their mild and moderate functional limitations for Plaintiff on the prior ALJ's RFC. ECF Dkt. #7-2 at 19; ECF Dkt. #7-12 at 12-14. The ALJ in the instant case also found that

-9-

Plaintiff could perform medium exertional work, while the ALJ in the prior case found that Plaintiff had no exertional limitations at all. ECF Dkt. #7-2 at 19; ECF Dkt. #7-3 at 15.

Thus, the ALJ in the instant case actually found Plaintiff *more* limited exertionally than the ALJ in the prior case due to additional impairments, which differentiates this case from *Drummond*, where the ALJ in the subsequent case actually found a less restrictive RFC than the ALJ in the initial *Drummond* case. *See Whitaker v. Astrue*, No. 08-120-HRW, 2009 WL 2235999 (E.D. Ky., July 27, 2009)("The Court is somewhat perplexed by Plaintiff's contention as the ALJ in this case found a more restrictive RFC than that of the 2005 decision. In other words, the instant decision is more favorable to the Plaintiff than the prior decision. The Court finds no violation of *Drummond*."). The ALJ in this case also reviewed medical evidence which post-dated the prior ALJ's August 2005 decision in finding that Plaintiff "still" had the limitation of not more than occasional changes in the work setting, but the instant ALJ found that Plaintiff's limitation did not prevent him from performing "all work." ECF Dkt. #7-2 at 19, citing ECF Dkt. #7-12. *See Chandler v. Comm'r of Soc. Sec.,* 124 Fed App'x 355 (6th Cir. 2005)(substantial evidence supported subsequent ALJ's revision of prior ALJ's RFC where prior ALJ decision not made part of subsequent record, but subsequent ALJ had opportunity to consider it and absence of it in record produced no evidentiary gap and was not prejudicial to claimant); *see also Kepp v. Astrue*, 2011 WL 3440078, at *7 (July 6, 2011)(court will affirm changing of RFC of prior ALJ by subsequent ALJ so long as substantial evidence supports ALJ's conclusion that "new and material evidence" required ALJ to revise RFC of prior ALJ).

Accordingly, while he did not address *Drummond* directly or state the "new and material" evidence that he relied upon for his finding regarding Plaintiff's occasional changes in the work setting, the ALJ's findings in the instant case show that he considered the prior ALJ's decision and RFC and he considered medical evidence post-dating the prior ALJ's decision in evaluating Plaintiff's impairments, RFC and his ability to perform his past relevant work. Moreover, Plaintiff suffered no prejudice as a result of the ALJ's failure to clearly address *Drummond* since the ALJ in the instant case provided a more restrictive physical RFC and used evidence post-dating the prior ALJ's decision for his finding regarding Plaintiff's limitation of not more than occasional changes

in the work setting.

## VI. CONCLUSION

For the foregoing reasons, the Court AFFIRMS the ALJ's decision and DISMISSES Plaintiff's complaint in its entirety with prejudice.

DATE: March 19, 2012
                              */s/George J. Limbert*
                              GEORGE J. LIMBERT
                              UNITED STATES MAGISTRATE JUDGE